UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | 16-92-JJB-EWD |
| VERSUS | * | |
| | * | |
| JEREMY JOSEPH | * | |
| | * | |

## MOTION TO REVEAL IDENTITY OF CONFIDENTIAL SOURCE

**NOW COMES,** defendant, Jeremy Joseph, by and through undersigned counsel, who moves this Honorable Court as follows:

1.

Defendant is charged with distributing cocaine base in a violation of 21 USC 841(a)(1) on or about October 8, 2015. He was indicted on August 10, 2016 and arrested on or about October 4, 2016 in Baton Rouge, Louisiana.

2.

Based on discovery provided by the United States it is anticipated that the government may call as a witness at trial an individual who attempted to make audio and video recordation of Mr. Joseph in what is purported to be a drug transaction.

3.

The individual making the recordation is referred to in the government's discovery response only as "CS" and is once referred to on video as "Jermaine".

4.

Defendant maintains that it is necessary for him to learn the identity of the CS so that he can properly prepare as a part of his defense strategy that this person is lying against based on some bias or motive.

5.

Courts use a three-part test to determine whether disclosure is mandated. *United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir.1987) (applying *Rosario v. U.S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). Under the test, courts first evaluate to what degree an informant participated in the alleged criminal activity; higher participation favors disclosure. *Id*. Second, courts consider the defendant's showing that the testimony would "significantly aid the defendant in establishing an asserted defense." *Id*. Third, courts consider the government's interest in the informant's safety and his future usefulness as an informant. *Id*.

6.

In the present case, the CI was actively involved in the alleged criminal activity. Knowledge of the identity of the CI would benefit Defendant in preparing as part of his defense that the CI is lying against him due to some bias or other reason. It is unknown if the government intends to use this CI in the future but considering that Defendant was indicted ten months after the purported drug transaction, it would seem unlikely that disclosure would impede ongoing investigations by the government. A portion of the CI's identity is already known as "Jermaine" but Defendant needs the CI's full identity in order to prepare for his defense.

7.

Defendant requests that the government be required to provide the following information regarding the CI: (1) identity; (2) criminal and personal history; (3) confidential source establishment reports; (4) informant agreements including deals or concessions; (5) informant conduct agreements; (6) payment records; (7) misconduct or deactivation reports; and, (8) debriefing reports or statements.

WHEREFORE, for the reasons set forth above, Defendant, Jeremy Joseph, prays that the United States be required to provide him with the following information regarding the CI: (1) identity; (2) criminal and personal history; (3) confidential source establishment reports; (4) informant agreements including deals or concessions; (5) informant conduct agreements; (6) payment records; (7) misconduct or deactivation reports; and, (8) debriefing reports or statements.

Respectfully Submitted:

/s/ Rusty M. Messer
Rusty M. Messer (#30634)
1212 East Worthey Road, Suite A
Gonzales, Louisiana 70737
Telephone: (225) 384-6760
Facsimile: (225) 384-6762
rusty@messerfirm.com
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November, 2016 the above and foregoing pleading was electronically served on counsel of record in this matter by the Court's ECF filing system through ECF notification.

/s/ Rusty M. Messer
RUSTY M. MESSER